14 F.3d 601
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Maurice LUCAS, also known as West, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-1659.
 United States Court of Appeals, Sixth Circuit.
 Dec. 8, 1993.
 
 Before: MERRITT, Chief Judge and NELSON and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 Maurice Lucas, a pro se federal prisoner, appeals a district court order denying his motion to vacate sentence filed under 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On November 13, 1991, Lucas pleaded guilty to using or carrying a firearm during a drug trafficking offense in violation of 18 U.S.C. Sec. 924(c), pursuant to a Fed.R.Crim.P. 11 plea agreement. Other counts were dismissed pursuant to the plea agreement. The plea agreement noted that there was no need to calculate Lucas's guidelines sentencing range because the mandatory five-year prison term provided by statute superseded the guidelines. Lucas was, accordingly, sentenced to 60 months of imprisonment. He did not appeal.
 
 
 3
 Lucas subsequently filed a motion to vacate his sentence on the grounds that: (1) the district court did not comply with U.S.S.G. Sec. 6A1.3(b), and Fed.R.Crim.P. 32 when it did not determine that he was entitled to a two-level reduction for acceptance of responsibility, (2) trial counsel rendered ineffective assistance by failing to object to the district court's omission at sentencing, and (3) he is additionally entitled to a further one-level decrease pursuant to an amendment to U.S.S.G. Sec. 3E1.1 which became effective on November 1, 1992. The district court denied Lucas's motion in a memorandum opinion and order filed on April 22, 1993, after finding that the imposition of the statutorily mandated sentence eliminated the need to address the merits of his grounds for relief.
 
 
 4
 We affirm for the reasons stated by the district court. The plea agreement signed by Lucas clearly provided that there was no need to calculate Lucas's guideline range because the statutory mandatory term of imprisonment superseded the guidelines. See U.S.S.G. Secs. 2K2.4(a) and 5G1.1. See also United States v. Asuncion, 973 F.2d 769, 773 (9th Cir.1929) (no findings required on defendant's request for downward adjustment because the statutory minimum sentence was greater than the relevant guideline range.)
 
 
 5
 Accordingly, the district court's order, entered on April 22, 1993, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.